# EXHIBIT A

Filed 19-CI-00336 06/28/2019 Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2019 01:15:57 PM
CourthouseNews-1

COMMONWEALTH OF KENTUCKY
NELSON CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

DARRELL BACK                                                                   PLAINTIFF

vs.                               **<u>COMPLAINT</u>**

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA        DEFENDANT

    **To be served through process agent:**
    CT Corporation System
    306 West Main Street
    Suite 512
    Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Darrell Back, and for his Complaint against Defendant, The Prudential Insurance Company of America, states as follows:

1. The Plaintiff, Darrell Back, is a citizen and resident of Nelson County, Kentucky.

2. At the time of her death, Darrell Back's wife, Marmel Back, resided in Nelson County, Kentucky.

3. Defendant, The Prudential Insurance Company of America ("Prudential") is an insurance company believed to be domiciled in the state of New Jersey, authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Prudential may be served with process through its agent registered with the Kentucky Department of Insurance: CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000001 of 000004

Filed 19-CI-00336 06/28/2019 Diane Thompson, Nelson Circuit Clerk

Filed 19-CI-00336 06/28/2019 Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2019 01:15:57 PM
CourthouseNews-1

5. Jurisdiction is proper in this Court because Prudential transacts business, issued a policy of insurance in, and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Nelson County, Kentucky.

6. The Defendant supplied and issued a policy of insurance to Wal-Mart Stores, Inc. ("Walmart"), where Marmel Back obtained coverage for life insurance. The applicable insurance policy ("Policy") number is believed to be G-43939.

7. The Policy provides a $25,000 death benefit.

8. Plaintiff Darrell Back is the beneficiary to the Policy.

9. Premium payments were made to keep the Policy in force at all times relevant hereto.

10. Marmel Back satisfied all requirements of the Policy and the application process.

11. Marmel Back died on May 4, 2018.

12. Plaintiff timely submitted a claim for death benefits under the Policy. The applicable claim number is believed to be 11801678.

13. By letter dated September 11, 2018, Prudential denied Plaintiff's claim for benefits.

14. In its denial letter, Prudential purports to rely on an "Incontestability of Life Insurance" provision contained in the Policy.

15. Plaintiff timely, and in the manner set forth in the applicable insurance policy, appealed the denial of his claim by letter dated March 1, 2019.

16. In his appeal, Plaintiff addressed Defendant's position for denying the claim and requested additional documentation from Defendant supporting its denial.

17. By letter dated May 22, 2019, Defendant upheld the denial of Plaintiff's claim for life insurance benefits.

2

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000002 of 000004

Filed 19-CI-00336 06/28/2019 Diane Thompson, Nelson Circuit Clerk

Filed Case 3:19-cv-00532-JHM-CHL Document 1-2 Filed 07/23/19 Page 4 of 5 PageID #: 11
Filed      19-CI-00336    06/28/2019    Diane Thompson, Nelson Circuit Clerk

NOT ORIGINAL DOCUMENT
07/08/2019 01:15:57 PM
CourthouseNews-1

18. The Plaintiff has exhausted any administrative remedies that may be required under the insurance contract, applicable policy, and/or by law.

19. The life insurance policy and coverage is an employee benefit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq.

## COUNT I

20. Plaintiff incorporates by reference all the preceding paragraphs as if fully stated herein.

21. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of benefits under the plan and to recover benefits under the terms of the plan.

22. Defendant's decision to deny life insurance benefits was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

23. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

24. Defendant has failed to perform a full and fair review as required under 29 U.S.C. § 1133 and the associated ERISA regulations.

25. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

26. The Defendant should be enjoined from denying benefits under the contract.

27. The Plaintiff is entitled to the owed death benefits under the contract of life insurance.

28. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

3

Presiding Judge: HON. JOHN D. SEAY (610248)

COM : 000003 of 000004

Filed　　Case 3:19-cv-00532-JHM-CHL　Document 1-2　Filed 07/23/19　Page 5 of 5 PageID #: 12
　　19-CI-00336　　06/28/2019　　Diane Thompson, Nelson Circuit Clerk

07/08/2019 01:15:57 PM
CourthouseNews-1

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted,

/s/ *Elizabeth A. Thornsbury*
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
**Mehr, Fairbanks & Peterson Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

4